

# United States Tax Court
Washington, DC 20217

DANNY KARL DOBERSTEIN &
MARGERI KERR DOBERSTEIN,

    Petitioners

    v.

COMMISSIONER OF INTERNAL
REVENUE,

    Respondent

Docket No. 10557-21S.

## ORDER

Pursuant to Rule 152(b), Tax Court Rules of Practice and Procedure, it is

ORDERED that the Clerk of the Court shall transmit herewith to petitioner and to respondent a copy of the pages of the transcript of the trial in the above case before Chief Special Trial Judge Carluzzo at Los Angeles, California, on April 27, 2022, containing his oral findings of fact and opinion rendered at the conclusion of the trial.

In order properly to take into account any payments petitioners might have made in connection with the deficiency that will be redetermined in accordance with the oral findings of fact and opinion now being served, and notwithstanding the representation made in the closing comments made by the Court in the oral findings of fact and opinion, decision will be entered under Rule 155.

**(Signed) Lewis R. Carluzzo**
**Chief Special Trial Judge**

**Served 05/26/22**

Bench Opinion by Judge Lewis R. Carluzzo

April 27, 2022

Danny Karl Doberstein & Margeri Kerr Doberstein v. Commissioner

Docket No. 10557-21S

THE COURT: The Court has decided to render oral findings of fact and opinion in this case and the following represents the Court's oral findings of fact and opinion (bench opinion). Section references made in this bench opinion are to the Internal Revenue Code of 1986, as amended, in effect for the relevant period, and Rule references are to the Tax Court Rules of Practice and Procedure. This bench opinion is made pursuant to the authority granted by section 7459(b) and Rule 152.

This proceeding for the redetermination of a deficiency is a small tax case subject to the provisions of section 7463 and Rules 170 through 174. Except as provided in Rule 152(c), this bench opinion shall not be cited as authority, and pursuant to section 7463(b) the decision entered in this case shall not be treated as precedent for any other case.

Danny Karl Doberstein appeared without counsel. References to petitioner are to him. There was no appearance by or on behalf of Margeri Kerr Doberstein. The case will be dismissed for lack of prosecution as to

her, but the decision entered against her will reflect the resolution of the issue here in dispute. Trent D. Tanzi appeared on behalf of respondent.

In a notice of deficiency dated February 16, 2021 (notice) respondent determined a deficiency in petitioner's 2017 Federal income tax. As a technical matter, the issue for decision is whether petitioners are entitled to a deduction for a $5,500 contribution to an individual retirement account (the contribution). From petitioner's presentation at trial, it would seem that in reality, petitioners commenced this case not because of the potential increase in their 2017 Federal income tax liability resulting from the disallowance of the deduction for the contribution, but because of their annoyance and frustration in dealings with respondent before the notice was issued and because of their concern that they might be subject to an additional Federal income tax liability beyond the deficiency here in dispute. More on these points later.

The underlying facts in this case are easily summarized, even without the convenience of a written stipulation of facts.

Petitioner is an engineer by profession and trade who operated a sole proprietorship for many years (petitioner's business). In years before 2017, as a self-

employed individual, he wasn't bring in enough, "dough" as he puts it, so he needed other sources of income.  In 2017, although he continued to operate his business, he was also employed as an engineer by the U.S. Department of Defense.

No income was earned from the business, and no income from the business is reported on petitioners' 2017 joint Federal income tax return (return).

During 2017 and for many years before, petitioner maintained a traditional individual retirement account (IRA) and a simplified employee plan-individual retirement (SEP-IRA) account with Charles Schwab & Co., Inc. (Charles Schwab).  Apparently, the SEP-IRA account was opened while petitioner was self-employed, and for many years he claimed deductions not challenged by respondent for contributions made to his SEP-IRA account.

Petitioners claimed a deduction for the contribution on the return.  According to petitioner, the contribution was made, or at least intended to be made to his IRA.  According to a 2017 Form 5498, IRA Contribution Information, prepared and issued by Charles Schwab, (the form) the contribution was made to petitioner's SEP-IRA. Petitioner claims that the form results from a coding error made by Charles Schwab.  Petitioner attempted to get Charles Schwab to correct what he believes to be a

mistake, but the company refused to do so.

There is no need to burden this bench opinion with a discussion of the ins and outs of allowable deductions for contributions made to individual retirement accounts. Petitioner agrees that if the contribution is treated as a contribution to his SEP-IRA, then petitioners are not entitled to a deduction for the contribution. On the other hand, taking into account the income that was reported on the return, we are satisfied from what has been presented that petitioner's would be entitled to a deduction for the contribution if it were treated as a contribution to petitioner's IRA.

As a general rule, the Commissioner's determination of a taxpayer's liability in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is incorrect. Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace, and the taxpayer generally bears the burden of proving entitlement to any deduction or credit claimed. Rule 142(a); *INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 84 (1992); *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440 (1934).

Applying that principle to this case requires that petitioners demonstrate that they are entitled to the deduction for the contribution, which in turns requires

that they demonstrate that the contribution was made to petitioner's IRA rather than his SEP-IRA. Although neither side apparently sought account information records from Charles Schwab, petitioner made contact with that company and the company refused to acknowledge that the information shown on the form is incorrect. As it turns out, after considering the evidence presented, it is not clear whether the contribution was made to petitioner's IRA or his SEP-IRA. Given that petitioners' bear the burden of proof, the uncertainty on the point requires that we resolve the dispute against petitioners. It follows that respondent's disallowance of that deduction is sustained.

In closing we think it appropriate to comment on petitioner's annoyance and frustration over events that occurred before the notice was issued. Petitioner was particularly annoyed with receiving a letter from respondent inviting a response from petitioners by a certain date. The annoyance resulted not so much from the invitation to respond, or the nature of the response requested, which was in essence an invitation for petitioners to concede the deduction for the contribution, but the annoyance rather related to the fact that the letter was mailed after the due date for the response. We can understand how a taxpayer might be annoyed at such a

situation, but the event plays no role in the resolution of the technical issue before us. As to petitioner's concern that a proposed adjustment conceded by respondent before the notice was issued might somehow resurface, we note that the decision to be entered by the Court in this case will for all intent and purposes establish petitioner's 2017 Federal income tax liability with finality.

To reflect the foregoing, an appropriate order dismissing the case with respect to Margeri Kerr Doberstein will be issued, and decision will be entered for respondent. This concludes the Court's bench opinion in this case.

(Whereupon, at 3:07 p.m., the above-entitled matter was concluded.)